RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.

| | |
|---|---|
| JOHN SANCES and KENNETH SANCES, individually and in their capacity as TRUSTEES OF THE 305 UNION STREET REALTY TRUST,<br><br>　　　Plaintiffs<br><br>v.<br><br>TOWN OF HOLBROOK, GEORGE JAIMOSON [sic], JOHN CALLAHAN, JOHN PAPP, CLIFF [sic] JACOB and JACK CULHANE, individually and as members of the Holbrook Planning Board, and DANIEL MORIARTY, individually and as Building Inspector for the Town of Holbrook,<br><br>　　　Defendants | NOTICE OF REMOVAL |



03-12635 MLW
MAGISTRATE JUDGE Fowler

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Now come all defendants, Town of Holbrook, et al. ("Town"), pursuant to the provisions of 28 U.S.C. §§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, County of Norfolk, where it is currently pending, based upon the following grounds:

1.　　This is an action in which the plaintiffs allege violations of rights secured by the United States Constitution by the defendants, see Complaint (¶52), affixed hereto and incorporated by reference, as well as various state law claims.

2.　　This Court has jurisdiction over the plaintiffs' constitutional claims pursuant to 28 U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

3.　　Removal is timely, as this action was served on the defendants no earlier than December 5, 2003, and the original Notice of Removal was filed on December 31, 2003.

capacity as a Trustee of the 305 Union Street Realty Trust.

4. The 305 Union Street Realty Trust ("Trust") is a Massachusetts real estate trust having a principal place of business at 305 Union Street, Holbrook, Norfolk County, Commonwealth of Massachusetts.

5. The Town of Holbrook ("Town") is a municipal corporation having a regular place of business in Holbrook, Norfolk County, Commonwealth of Massachusetts.

6. The Planning Board ("Board") is a regulatory board of the Town. The members are George Jaimoson, John Callahan, John Papp, Jim Curran, William Pritchard, Cliff Jacob and Jack Culhane. Each of the members is being sued individually and in his official capacity as a member of the Board.

7. Daniel Moriarty ("Moriarty") is the Building Inspector for the Town. He is being sued individually and in his official capacity for the Town.

### III. FACTUAL ALLEGATIONS

8. On or about July 18, 1998 the Trust secured a special permit for the construction of a building ("Project") to house an auto repair business at 305 Union Street, Holbrook ("Premises").

2

9. Following such approval, the Trustees took ownership of the Premises on or about January, 1999.

10. The Trust secured a building permit from Moriarty for the construction of the Project on July 30, 1999. Moriarty did review the Board approval to check any conditions therein prior to the issuance of the building permit.

11. Shortly after securing the building permit, the Trust was advised by Moriarty that the July 18, 1998 Planning Board special permit approval was only valid until July 16, 1999.

12. Before receiving that notice, the Trust had commenced construction of the Project on the Premises.

13. On or about November 10, 1999, Moriarty issued a cease and desist order to stop construction work on the Premises. The construction of the Project was approximately 75% complete at that time.

14. The Trust filed a second application for special permit on November 15, 1999.

15. Just prior to the expiration of the period of time within which the Board was required to render a decision on the second application, the Board advised the Trustees that there was pending legislation in the Town to change building height requirements and to allow the

3

Board discretion with respect to architectural details. The Board advised the Trustees that, if the Trustees did not withdraw the second petition, the Board would deny it and that the Trustees would be entangled in litigation for years. The Board was aware that the Project was approved and being constructed at a height of 33' at the same time that the Board was proposing to reduce the height limitation from 35' to 30' thereby rendering the building illegal.

16. Based upon the threats of the Board, the Trustees withdrew the second petition for special permit.

17. The legislation proposed to decrease the maximum height in the Town was not adopted. However, the Board was granted authority to evaluate and recommend architectural detail as part of the permitting process.

18. On May 11, 2000, the Trustees submitted a third application for special permit in the same form and with the same plans as the second application which was filed on November 15, 1999.

19. The Board conducted public hearings on the third application over a period of two months and, following a ninety day waiting period, the Board approved the third application for special permit with conditions including reference to the proposed structure as shown on the

4

plans submitted as well as requiring completion of the Project by September 1, 2002.

20. The Project, as constructed on the Premises, houses a motor vehicle repair business conducted by John Sances and Kenneth Sances and known as the Auto Clinic. In addition, the Trust rents space to an additional tenant who is also engaged in motor vehicle repair services.

21. Among the conditions imposed by the Board as part of the special permit approval were the following:

   a. The auto repair facility had to be constructed in substantial conformance with the plans set forth in paragraph 3 of the decision ("Plans").

   b. The Project was to be constructed with one floor. No second floor was allowed to be added or installed within the Project.

   c. Within one year from the issuance of the certificate of occupancy, the Trustees were to submit a landscaping plan for approval by the Board.

22. No provision was made in the decision by the Board for the issuance of a temporary certificate of occupancy.

23. No reference was made in the decision by the Board that the Trust had to comply with any specific architectural detail regulation or by-law.

24. No reference was made in the decision to the dimensional requirements associated with the Trust's compliance with any architectural detail requirements of the Town.

25. No justification was provided in the decision for the limitation on the Trust's ability to construct and use a second floor as part of the Project to be used for otherwise allowable commercial uses in the zoning district.

26. No reference was made in the decision to any requirement that the Trust would be responsible for payment of the Board's special legal counsel as part of any enforcement efforts related to the Project as constructed on the Premises.

27. Since September 12, 2000, the date of the Board's decision on the third application, the Trustees have been engaged in efforts to complete the Project in accordance with all of the conditions in question.

28. When it came time for the Trust to receive an occupancy permit, Moriarty advised the Trustees that he would only give a temporary occupancy permit until the architectural detail work on the front of the Project was completed. Moriarty had previously advised the Trustees, in a meeting, that he did not issue temporary occupancy permits.

29. The temporary occupancy permit was issued by Moriarty on August 2, 2001 and was to expire on September 1, 2002.

30. On or about December 3, 2002, Attorney Mark Bobrowski, special counsel to the Planning Board, wrote to the Trust's counsel seeking a status report and proposed timetable from the Trustees regarding the completion of the work under eight (8) of the twenty-three (23) conditions of the Certificate.

31. On December 13, 2002, counsel for the Trust wrote to Attorney Bobrowski acknowledging receipt of his December 3, 2002 letter and advising him that the Trustees would prepare a statement of those conditions which had been completed and a proposed timetable for the completion of the remaining conditions. The majority of the conditions had been completed in a timely fashion and in accordance with the decision. The remaining items were conditional upon completion of roadway improvements being undertaken by the Town in front of the Premises as well as a difference of opinion regarding the extent to which the architectural detail had to be presented on the building.

32. Without notice to the Trustees, the Planning Board met on December 6, 2002 and adopted a motion, by a 3-0 vote, as follows:

> MOTION: By John Callahan to direct the Building Inspector to issue a cease and desist order to 305 Union Street.

No reference was made in the motion to the Certificate of Occupancy and/or the occupancy of the Premises.

33. On December 10, 2002, the Planning Board forwarded a memorandum to Moriarty, with the language of the motion, and stated in the memorandum as follows:

> The Planning Board is requesting that you issue an immediate cease and desist order to 305 Union Street as the time for completion of the facade of the building has expired.

No reference was made in the memorandum to the Certificate of Occupancy and/or the occupancy of the Premises.

34. On or about December 18, 2002, Moriarty served upon the Trustees a letter dated December 13, 2002. In that letter, Moriarty stated, in pertinent part, as follows:

> Please be advised that this notice will serve as a cease and desist order for 305 Union Street. The temporary occupancy permit has expired, as you have not completed all of the requirements of the Site Plan Review from the Holbrook Planning Board.

As this order is final, you are hereby ordered to cease occupancy of 305 Union Street immediately.

8

35. On December 18, 2002, after being informed of Moriarty's order by the Trustees, counsel for the Trustees wrote to Moriarty to advise him that neither the Planning Board motion nor its memorandum made any reference to the occupancy of the Premises for the purposes allowed in the Certificate of Conditions. In addition, the Trustees' counsel advised Moriarty that he was in the process of preparing a response to Attorney Bobrowski's December 3, 2002 correspondence which had requested a status report on the completion of the eight (8) conditions and a timetable as to any remaining work to be done. The majority of the conditions had been addressed and completed by the Trustees in a timely fashion.

36. On January 16, 2003, the Trust filed an administrative appeal with the Zoning Board, pursuant to Mass. Gen. Laws c. 40A, §8, the Holbrook Zoning By-Law, Sections 12.2 and 12.21, and the Rules of the Holbrook Zoning Board of Appeals, Article 1, Section 1(a). The appeal was taken from Moriarty's order which was served on December 18, 2002. The administrative appeal was served within thirty (30) days of the receipt of Moriarty's order.

37. On or about February 26, 2003, counsel for the Trustees provided the Planning Board's counsel, Attorney Bobrowski, with a written update as to compliance with the eight (8) conditions in the Certificate. That written update advised the Planning Board that seven (7) of the eight (8) conditions specified in Attorney Bobrowski's December 3, 2002 letter had either been completed by the Trustees or provisions had been made for such completion with the Holbrook Department of Public Works. The Trustees provided the Planning Board with a proposed timetable for the completion of the eighth item, the landscaping of the Premises. In addition, the Trustees provided the Planning Board with a proposed timetable for the completion of the exterior improvements to the façade of the building.

38. In addition to the status report, counsel for the Trustees advised the Planning Board, through Attorney Bobrowski, that the Trustees were awaiting a copy of the plan referenced in the Certificate which was the basis for the exterior detail to be provided along the two (2) sides of the building constructed on the Premises.

39. In that February 26, 2003 correspondence, the Trustees requested that the Planning Board reconsider its December 6, 2002 motion and December 10, 2002 memorandum
10

to Moriarty seeking a cease and desist order. The Trustees stated, through counsel that, since they had responded fully to the request of December 3, 2002 by the Planning Board's counsel for such an update and timetable, the basis for the Planning Board's motion and memorandum no longer existed.

40. The Trustees did not and have not, to the date of filing this action, received a response to their February 26, 2003 letter from the Planning Board nor have they received a copy of the plan relating to the exterior detail. The Trustees, through counsel, have made three public record requests pursuant to Mass. Gen. Laws c. 66, §10 for the plan in question. Each time, they were advised that the plan was missing from the Board files.

41. On March 4, 2003, the Trustees, along with their counsel, attended the public hearing on the administrative appeal before the Zoning Board. Also in attendance at the hearing were Moriarty and four (4) members of the Planning Board.

42. At the Zoning Board's hearing, counsel for the Trustees requested that the Zoning Board overturn the order issued by Moriarty on the basis that the Trustees had provided the Planning Board with the update and

timetable as requested and that the Trustees were awaiting a meeting and/or written response from the Planning Board regarding the proposed timetable for completion of the two remaining items, landscaping and exterior improvements.

43. At the Zoning Board hearing, counsel for the Trustees also requested that, in the alternative, the Zoning Board take the appeal under advisement until such time as the Trustees could meet with the Planning Board to address the issue of the completion of the two (2) remaining conditions from the original twenty-three (23) conditions included in the Certificate.

44. At the Zoning Board hearing, the individual members of the Planning Board spoke against the Trustees' position and recommended that the enforcement order issued by Moriarty be upheld.

45. At the conclusion of the hearing on March 4, 2003, the Zoning Board indicated that it would take the matter under advisement.

46. By decision dated March 4, 2003, and filed with the Holbrook Town Clerk's Office on March 17, 2003 ("Decision"), the Zoning Board voted to deny the Trustees' administrative appeal and to uphold the decision of Moriarty as the Building Inspector. The

Trustees have appealed that decision to the Superior Court in accordance with Mass. Gen. Laws c. 40A, §17.

### IV. LEGAL CLAIMS

#### COUNT I
#### DECLARATORY JUDGMENT

47. The Board does not have the legal authority to restrict the Trust from constructing and/or using a second floor on the Premises.

48. The Board's decision, and the plans referenced therein, do not require the Trust to construct architectural detail to the extent that the Board alleges is required.

#### COUNT II
#### INTENTIONAL TORT

49. The actions of the Town, the individual members of the Board and Moriarty are intended to require the Trust, the Trustees and John and Kenneth Sances to perform certain work, such as the architectural detail, or not construct certain work, such as the second floor in the Project, under the threat of having the occupancy permit revoked and voiding the special permit.

50. The actions of the Defendants constitute intentional torts which threaten to affect the Trust's ability to own and operate its property through the Trustees, and

13

also affect the operation of the motor vehicle repair business by John and Kenneth Sances.

### COUNT III
### STATE CIVIL RIGHTS VIOLATION

51. The actions of the Defendants constitute threats, intimidation and coercion of the Plaintiffs in the exercise of their rights under applicable law and, as such, represent violations of Mass. Gen. Laws c. 12, §§11H and 11I, the Massachusetts Civil Rights Act.

### COUNT IV
### FEDERAL CIVIL RIGHTS VIOLATION

52. The actions of the Defendants constitute deprivation of the due process rights of the Plaintiffs in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution.

WHEREFORE, the Plaintiffs pray that this Honorable Court grant them the following relief:

1. Declare the rights of the parties with respect to the conditions in question as contained in the September 12, 2000 Board decision.
2. Award the Plaintiffs compensatory and punitive damages.
3. Award the Plaintiffs their costs and attorneys' fees for this action.
4. For such other relief as this Court deems just.

UNION STREET REALTY TRUST
By its attorneys,

_____
Gary S. Brackett
BBO# 052940
Ellen Callahan Doucette
BBO# 542294
BRACKETT & LUCAS
19 Cedar Street
Worcester, MA 01609
508-799-9739

15