UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12635-MLW

| | |
|---|---|
| JOHN SANCES and KENNETH SANCES, individually and in their capacity as TRUSTEES OF THE 305 UNION STREET REALTY TRUST,<br><br>    Plaintiffs<br>v.<br>TOWN OF HOLBROOK, GEORGE JAMESON, JOHN CALLAHAN, JOHN PAPP, CLIFF JACOB and JACK CULHANE, individually and as members of the Holbrook Planning Board, and DANIEL MORIARTY, individually and as Building Inspector for the Town of Holbrook,<br><br>    Defendants | TOWN OF HOLBROOK'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED.R.CIV.P.12(C) |

Now comes the Town of Holbrook (the "Town") and hereby moves, pursuant to Fed.R.Civ.P. 12(c), that this Honorable Court dismiss all claims against it. As grounds therefor, the Town states that the Complaint fails to state a claim upon which relief may be granted. As further grounds, the Town relies on the accompanying Memorandum.

WHEREFORE, the Town respectfully request that this Court dismiss all claim against it.

DEFENDANT

TOWN OF HOLBROOK,

By its attorneys,

_____
Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.,
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand on 3/22/04

216706/METG/0518

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12635-MLW

JOHN SANCES and KENNETH SANCES,
individually and in their capacity as TRUSTEES
OF THE 305 UNION STREET REALTY TRUST,

    Plaintiffs

v.

TOWN OF HOLBROOK, GEORGE JAMESON,
JOHN CALLAHAN, JOHN PAPP, CLIFF JACOB
and JACK CULHANE, individually and as
members of the Holbrook Planning Board, and
DANIEL MORIARTY, individually and as
Building Inspector for the Town of Holbrook,

    Defendants

MEMORANDUM IN SUPPORT
OF TOWN OF HOLBROOK'S
MOTION FOR JUDGMENT
ON THE PLEADINGS

I.    INTRODUCTION

This action arises from an order by the Building Inspector for the Town of Holbrook ("Town") that the plaintiffs cease and desist work on a building project, due to plaintiffs' repeated failure to meet certain conditions imposed in a Special Permit for the project issued by the Town's Planning Board ("Board"). Count I of the Complaint seeks a declaratory judgment that the Board did not have authority to impose certain conditions on the project, and further seeks the Court's interpretation of other conditions imposed on the project. Count II asserts an unspecified intentional tort, which appears to be intentional interference with contractual relations. Count III asserts a claim under G.L. c. 12, §§11H-11I, the Massachusetts Civil Rights Act ("MCRA"). Count IV asserts a due process claim under the Fourth and Fourteenth Amendments.

Training, 3 F.Supp.2d 83, 89 (D. Mass. 1998) (citing Santiago de Castro v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991)). However, the court is not bound to accept as true conclusions of law or unwarranted deductions of fact. See Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). Where it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of her claims, dismissal is proper. See Ballou v. General Electric Co., 393 F.2d 398 (1st Cir. 1968).

B.  **The Entire Complaint is Barred Pursuant to the Doctrine of Res Judicata**

The plaintiffs' entire Complaint should be dismissed pursuant to the doctrine of res judicata because the plaintiffs have engaged in impermissible claim splitting. Res judicata includes both issue preclusion and claim preclusion. The doctrine of claim preclusion bars a plaintiff from initiating a second lawsuit arising out of the same factual claims "that were or could have been adjudicated in the [previous] action," even though the claimants may present different evidence or legal theories to support their claim in the second action. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 476, 118 S. Ct. 921, 925 (1998) (emphasis added).

In this case, the plaintiffs seek relief from a zoning enforcement action based on conditions imposed in a special permit, and damages allegedly arising from same. These claims should be dismissed because the enforcement action is the subject of an action currently pending before another Court. Specifically, plaintiffs have filed a zoning appeal, pursuant to G.L. c.40A, §17, challenging the Town's Zoning Board of Appeals' decision to uphold the Building Inspector's issuance of a cease and desist order based on the plaintiffs' noncompliance with conditions imposed in the special permit. See Individual Defendants' Memorandum, Exhibit G. The Zoning Appeal is based on the exact same facts as the instant case and is grounded on the same legal theory – that the special permit conditions, and the Building Inspector's order arising

3

therefrom, were improper abuses of power. The plaintiffs should not be permitted to litigate the exact same issues in two separate actions.

In nearly identical circumstances, this Court (Skinner, J.) held that a plaintiff may not split claims in this fashion. Chongris v. Board of Appeals of Town of Andover, 614 F.Supp. 998, 1002 (D.Mass. 1985) (Chongris II). Chongris II involved plaintiffs' claim that a municipal board acted improperly in revoking a previously issued building permit. The plaintiffs initiated a zoning appeal, under G.L. c.40A, §17, Chongris v. Board of Appeals of Andover, 17 Mass. App. Ct. 999, 459 N.E.2d 1245 (1984) (Chongris I), and while the state court action was pending, filed a federal civil rights action (Chongris II).

The defendants in Chongris II moved to dismiss under the doctrine of res judicata, on the basis that "plaintiffs' constitutional and federal statutory claims. . . could have been raised in their prior action in Essex Superior Court." Chongris II, 614 F.Supp. at 999. The plaintiffs argued that they were not barred from bringing their federal claims in federal court, because they had "reserved" their right to litigate these federal claims in a federal venue, as set forth in England v. Louisiana Board of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461 (1963). This Court rejected the plaintiffs' argument, noting that the reservation doctrine set forth in England was intended to protect litigants from losing their right to litigate federal claims in a federal forum, which right might be lost when a federal judge abstains from deciding unsettled questions of pendent state law. Because "Massachusetts law [in this case] was clearly established," no such potential abstention problem existed, and the plaintiffs "were not entitled to avail themselves of the rule in England." Chongris II, 614 F.Supp. at 1002. Accordingly, "[b]ecause plaintiffs could have raised the instant federal claims in their prior state court action" under G.L.

4

c.40A, §17, this Court found the subsequent civil rights "action barred by the doctrine of res judicata." Id.[2]

The instant case presents an even clearer example of impermissible claim-splitting than did Chongris II. Specifically, the plaintiffs in Chongris II were able to claim that: (1) they at least initiated the federal action before the state action was tried; and (2) that they filed a "reservation" in both venues expressing their desire to have their federal claims adjudicated in a federal forum. By contrast, the plaintiffs in this case did not file their federal claims in federal court, and have never attempted to "reserve" their rights to have these claims adjudicated in a federal forum. To the contrary, plaintiffs filed this action in the state Superior Court, and the defendants removed the action to this Court pursuant to 28 U.S.C. §§1441 & 1446. Accordingly, the plaintiffs cannot even make the argument, asserted unsuccessfully by the Chongris II plaintiffs, that their claim-splitting was warranted by a desire to preserve their rights to have their federal constitutional claims adjudicated by a federal court.[3] Just as in Chongris II, the plaintiffs "were not shunted to the state court; they went there on their own in order to seek relief that they could get only there. That they also would like relief under federal law gives them no right to split their cause of action and harass the defendants with a marathon course of litigation." Chongris II 614 F.Supp. at 1002. The plaintiffs could have, and should have, included their

---

[2] Defendants note that the Chongris II decision was entered after the Superior Court had held in the plaintiffs' favor and the judgment was upheld by the state Appeals Court, thereby rendering a final judgment in the state court case. As noted, however, the plaintiffs in Chongris, as in this case, filed their federal court action while the state court action was pending. What is dispositive is the fact that the plaintiffs could have, and should have, but failed to bring any tort or civil rights claims in the prior suit.

[3] The defendants note that, in Chongris III, the First Circuit upheld Chongris II on grounds other than claim preclusion. See 811 F.2d 36 n.1. The Court of Appeals clearly indicated, however, that its alternative reasoning should not be viewed as casting any doubt upon the propriety of the District Court's holding: "The fact that we elected not to consider the res judicata ground on which the district court dismissed the action is not any indication that we entertain substantial qualms about the district court's holding... We reasoned, instead, that the case was sufficiently clear in other respects that the temptation gratuitously to enter the England thicket... should be avoided." 811 F.3d at 45; see also 811 F.3d 45 n.4 ("We note, however, that the district court has ably reviewed the pertinent precedent.") As noted supra, this case does not require the Court to enter the "England thicket" where plaintiff has made no effort to reserve her right to a federal forum, but instead presents a clear case of claim splitting.

constitutional claims in their first lawsuit, but failed to do so. Therefore, this action is barred by the doctrine of claim preclusion, and the Complaint should be dismissed in its entirety for this reason alone.

### C. Count I Should Also Be Dismissed Because the Plaintiffs Failed to Exhaust Administrative Remedies

Count I seeks a declaratory judgment that: 1) the Board's restriction of the Property to one floor exceeded its authority; and 2) the special permit conditions do not require the plaintiffs to perform architectural work to the extent that the Planning Board has required. Complaint, ¶¶47-48. As a preliminary matter, as discussed above, Count I should be barred by the doctrine of res judicata, as it seeks identical relief as a pending Superior Court action. Union Street Realty Trust, et al. v. Holbrook Zoning Board of Appeals and Daniel Moriarty, Norfolk Superior Court, C.A. No. 03-00581 (seeking to overturn cease and desist order based on plaintiffs' failure to perform architectural work required by the special permit conditions).[4]

Notwithstanding plaintiffs' pending Superior Court action, Count I should also be dismissed because the plaintiffs failed to exhaust their administrative remedies. On September 11, 2000, the Board granted the Second Special Permit with 23 conditions, including the conditions that the Project be limited to one floor and conform with certain architectural requirements. Complaint, ¶¶19, 21, 38. Pursuant to G.L. c. 40A, §17, the plaintiffs must appeal the conditions, if at all, within twenty days after the decision was filed with the Town Clerk. Bonfatti v. Zoning Board of Appeals, 48 Mass.App.Ct. 46, 50, 716 N.E.2d 1063, 1066 (1999) (citing Iodice v. Newton, 397 Mass. 329, 333, 491 N.E.2d 618 (1986) ("by its plain language, § 17 establishes that a person aggrieved by a decision of a special permit granting authority must

---

[4] The fact that plaintiffs seek an additional declaration here – that the limitation to one floor is invalid – is irrelevant, as the request is based on the same facts and legal premise as the State Court complaint: That the Board exceeded its authority in imposing certain conditions on the permit.

seek review of that decision, if at all, within twenty days of the filing of the decision in question")). The plaintiffs failed to pursue their exclusive avenue of appealing the Special Permit conditions, and cannot now challenge the validity of those conditions. See Space Bldg. Corp. v. Commissioner of Rev., 413 Mass. 445, 448, 597 N.E.2d 435 (1992) ("[a]s a general rule, where an administrative procedure is available, we require a party seeking declaratory relief first to exhaust the opportunities for an administrative remedy"); Klein v. Planning Bd. of Wrentham, 31 Mass.App.Ct. 777, 778, 583 N.E.2d 892, 893 (1992) ("[h]aving failed to take a timely appeal from the [planning] board's action in granting the special permit with conditions, ... the plaintiff did not have the right to challenge the validity of one of the conditions in a proceeding which, regardless of its form, was the equivalent of an appeal").

Therefore, since plaintiffs failed to appeal the conditions imposed in the Planning Board's Special Permit decision, they cannot challenge the validity of those conditions in this action. Accordingly, Count I should be dismissed.

### D. Count IV, Alleging Due Process Violations, Should Be Dismissed for Failure to State a Claim

Count IV alleges that the defendants' actions deprived plaintiffs of their due process rights. The plaintiffs do not identify whether they allege procedural or substantive due process violations; however either claim fails against all defendants because (1) plaintiffs were not denied any process to which they were entitled, and, further, state law provides adequate post-deprivation remedies; and (2) plaintiffs were not deprived of any fundamental constitutional right, nor did the defendants engage in conduct that shocks the conscience, making a substantive due process claim inappropriate. The plaintiffs' due process claim against the Town further fails because plaintiffs have not, and cannot, allege any unconstitutional custom or policy that would impose liability on the Town.

1. <u>Procedural Due Process Claim</u>

The Town respectfully incorporates by reference and adopts the arguments set forth in Section III-D(1) of the Individual Defendants' Memorandum. For the reasons set forth in Section III-D(1) of the Individual Defendants' Memorandum, plaintiffs' procedural due process claims should be dismissed because plaintiffs were not denied any process to which they were entitled and, further, state law provides adequate post-deprivation remedies.

2. <u>Substantive Due Process Claim</u>

The Town respectfully incorporates by reference and adopts the arguments set forth in Section III-D(2) of the Individual Defendants' Memorandum. For the reasons set forth in Section III-D(2) of the Individual Defendants' Memorandum, plaintiffs' substantive due process claims should fail because the plaintiffs have not alleged the deprivation of a "fundamental" constitutional right or conduct that shocks the conscience.

3. <u>Plaintiffs Have Failed To Plead A Cognizable Municipal Liability Claim</u>

To succeed on their constitutional claim against the Town, plaintiffs must demonstrate: (1) a policy, or a "deliberate choice to follow a course of action...made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question," <u>Pembaur</u> v. <u>Cincinnati</u> 475 U.S. 469, 489, 106 S.Ct. 1292, 1303 (1986); or (2) a custom or usage "unambiguously established by official policymakers' conduct and ... not simply suggested by the isolated actions of some employees." <u>Woodley</u> v. <u>Town of Nantucket</u>, 645 F. Supp. 1365, 1378 (D. Mass. 1996). Municipalities will not be held liable under a theory of respondeat superior. <u>See</u> <u>Board of the Cty. Commrs. of Bryan County, Ok.</u> v. <u>Brown</u>, 520 U.S. 397, 118 S.Ct. 1382, 1388 (1997).

"[The] official policy must be the 'moving force' behind the constitutional violation ... and 'there must be an affirmative link between the policy and the particular constitutional

violation alleged.'" Woodley, 645 F. Supp. at 1375 (citations omitted). "[M]ore than creative inference is required." Id. at 1378. "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Brown, 117 S.Ct. at 1389.

Here, the plaintiffs have not even alleged an unconstitutional pattern or practice, and certainly have not attributed any such pattern to deliberate indifference by the Town's policymaking body. The Complaint does not contain a single reference to any other instances in which special permit recipients were allegedly deprived by the Planning Board or the Building Inspector of their civil rights. At most, therefore, plaintiff has complained of "the isolated actions of some employees" of the Town with respect to one particular special permit. Such allegations, without a showing that the alleged wrongs are part of a pattern or custom of constitutionally violative conduct, may not give rise to municipal liability. See Woodley, 645 F. Supp. at 1373; Oklahoma City v. Tuttle, 471 U.S. 808, 824, 105 S.Ct. 2427 (1985) ("[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability").

Moreover, the plaintiff has not even named, identified, referred to, or asserted a single factual allegation with regard to the Town's official policymaking body, the Board of Selectmen. "[W]hether a particular official has final policymaking authority is a question of state law." Silva v. Worden, 130 F.3d 26, 31 (1st Cir. 1997) (quoting Jett v. Dallas Independent School Dist., 491 U.S. 701, 737, 109 S.Ct. 2702, 2723-24 (1989)). This question of law is made by reference to applicable state statutes and local legislation. See Silva, 130 F.3d at 31. Under state law, the Board of Selectmen is the governing body and policymaker of the Town. See, e.g., Labor Relations Commission v. Board of Selectmen of Dracut, 374 Mass. 619, 625-26, 373 N.E.2d 1165, 1170 (1978) (constituents of Board of Selectmen are entitled to "unfettered exercise of their judgment on matters of policy"). The Complaint is devoid of any factual averments that

9

could attach liability to the Town based upon the individual defendants' alleged actions in this instance. Thus, plaintiffs' municipal claims should be dismissed.

### E. Count III, Alleging Violation of the MCRA Against the Town, Should Be Dismissed Because the Town is Immune from Claims Under the MCRA

Count III alleges that the actions of the defendants "constitute threats, intimidation and coercion of the plaintiffs in the exercise of their rights" and thus violate the MCRA. The plaintiff's MCRA claim against the Town fails because "under Massachusetts law a municipality cannot be sued under the MCRA." Kelley v. LaForce, 288 F.3d 1, 11 n.9 (1st Cir. 2002) (citing Howcroft v. Peabody, 51 Mass.App.Ct. 573, 591-92, 747 N.E.2d 729, 744 (2001) (concluding that a municipality is not a "person" within the terms of the MCRA). Therefore, the Town is entitled to dismissal of Count III.

### F. Count II, Alleging An Intentional Tort Against the Town, Should Be Dismissed Because the Town is Immune from Intentional Tort Claims

Count II alleges that the defendants committed "intentional torts" by requiring the Trustees to perform architectural work to the facade and limiting the building to one floor. Complaint, ¶49-50. Count II does not identify the intentional tort alleged; presumably the plaintiffs assert intentional interference with contractual relations. In the interests of judicial economy, the Court should exercise pendent jurisdiction and dismiss this claim along with the related federal claims, for the reasons set forth below, since it derives from a common nucleus of fact and does not raise any novel or complex issues of state law. Vera-Lozano v. International Broadcasting, 50 F.3d 67, 70 (1st Cir. 1993).

Count II fails to state a claim against the Town and should be dismissed because the Town is immune from liability for intentional torts, pursuant to the Massachusetts Tort Claims Act, G.L. c. 258, § 10(c) (public employers are immune from "any claim arising out of an intentional tort, including ... interference with advantageous relations or interference with

10

contractual relations"). See also Lafayette Place Associates v. Boston Redevelopment Authority, 427 Mass. 509, 528, 694 N.E.2d 820 (1998). Accordingly, the Town is entitled to dismissal of Count II.

### G. All Claims Against The Individual Municipal Defendants In Their Official Capacities Should Be Dismissed

The Complaint purports to name each of the individual municipal defendants "in his official capacity as a member of the [Planning] Board" or, in the case of defendant Moriarty, "in his official capacity for the Town." Complaint, ¶¶6-7. It is well established that a suit brought against municipal officials in their official capacities is tantamount to a claim against the municipality itself, here the Town of Holbrook. Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3104-05 (1985). Accordingly, plaintiffs' claims against the individual municipal defendants in their official capacities should be dismissed as duplicative with plaintiffs' claim against the Town.

### IV. CONCLUSION

WHEREFORE, defendant Town of Holbrook respectfully requests that this Court allow its motion to dismiss all claims against it.

DEFENDANT

TOWN OF HOLBROOK

By its attorneys,

Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.,
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 3/22/04

215931/METG/0518

11