UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12635-MLW

JOHN SANCES and KENNETH SANCES, individually and in their capacity as TRUSTEES OF THE 305 UNION STREET REALTY TRUST,

Plaintiffs

v.

TOWN OF HOLBROOK, GEORGE JAIMOSON [sic], JOHN CALLAHAN, JOHN PAPP, CLIFF [sic] JACOB and JACK CULHANE, individually and as members of the Holbrook Planning Board, and DANIEL MORIARTY, individually and as Building Inspector for the Town of Holbrook,

Defendants

ANSWER

Now come the defendants to the above-captioned action and hereby respond to the correspondingly-numbered paragraphs of the plaintiffs' Complaint, as follows:

1. This paragraph comprises an introductory statement not requiring a response by the defendants. To the extent a response is required, the defendants deny the allegations set forth in this paragraph.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

5. Admitted.

6. The defendants admit the allegations set forth in the first sentence of this paragraph. The defendants admit that, apart from various spelling errors and nicknames used in the Complaint, the referenced individuals are or have been members and/or associate members of the Town of Holbrook Planning Board, although not all named individuals participated in the Planning Board's deliberations during the events alleged in the Complaint. The allegations set forth in the third sentence comprise a contention as to matters of law not requiring a response. To the extent a response is required to the allegations set forth in the third sentence, such allegations are denied.

7. The defendants admit the allegations set forth in the first sentence of this paragraph. The allegations set forth in the second sentence comprise a contention as to matters of law not requiring a response. To the extent a response is required to the allegations set forth in the second sentence, such allegations are denied.

8. Admitted.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

10. The defendants admit that the Building Inspector issued plaintiffs a building permit and state that said permit speaks for itself.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

13. The defendants admit the allegations set forth in the first sentence of this paragraph and deny the allegations set forth in the second sentence.

14. Admitted.

15. Denied.

16. The defendants deny making any "threats" to the plaintiffs or their representatives. Further answering, the defendants are without knowledge or information sufficient to form a belief as to the motives of the plaintiffs.

17. The defendants state that the Town votes and bylaws referenced in this paragraph speak for themselves and deny plaintiffs' characterizations thereof.

18. The defendants admit that the plaintiffs submitted a special permit application to the Board on or about May 11, 2000, and state that said document speaks for itself.

19. The defendants admit that they granted the plaintiffs a special permit and state that said permit speaks for itself.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

21. The defendants state that the referenced special permit speaks for itself.

22. The defendants state that the referenced special permit speaks for itself.

23. The defendants state that the referenced special permit speaks for itself.

24. The defendants state that the referenced special permit speaks for itself.

25. The defendants state that the referenced special permit speaks for itself.

26. The defendants state that the referenced special permit speaks for itself.

27. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

28. The allegations contained in the first sentence of this paragraph are admitted. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph.

29. The defendants state that the referenced document speaks for itself.

30. The defendants admit that the Planning Board's counsel at the time corresponded with counsel for the plaintiffs and state that said correspondence speaks for itself.

31. The defendants admit that counsel for the plaintiffs corresponded with counsel for the Planning Board and state that said correspondence speaks for itself. To the extent the assertions set forth in the second and third sentences of this paragraph comprise contentions of fact, as distinguished from a simple summary of the referenced correspondence, such assertions are denied.

32. The defendants admit that on or about December 6, 2002, the Planning Board voted to request that the Building Inspector issue a cease and desist order, with respect to the plaintiffs' ongoing violations of the special permit. Further answering, the defendants state that said vote speaks for itself. To the extent this paragraph of the Complaint imputes a legal requirement that the Planning Board provide notice prior to requesting zoning enforcement from the Building Inspector, such assertion is denied.

33. The defendants admit that, on or about December 10, 2002, the Planning Board forwarded a memorandum to the Building Inspector and state that said memorandum speaks for itself.

34. The defendants admit that, on or about December 18, 2002, the Building Inspector issued a cease and desist order to the plaintiffs and state that said order speaks for itself.

35. The defendants state that the letter referenced in this paragraph speaks for itself.

36. The defendants admit that the plaintiffs appealed the Building Inspector's cease and desist order to the zoning board of appeals and state that said appeal speaks for itself. The remaining allegations set forth in the paragraph comprise contentions as to matters of law not requiring a response.

37. The defendants admit that counsel for the plaintiffs corresponded with counsel for the Planning Board and state that said correspondence speaks for itself.

38. The defendants admit that counsel for the plaintiffs corresponded with counsel for the Planning Board and state that said correspondence speaks for itself. Further answering, the defendants state that the plan the plaintiffs claimed to await was produced by the plaintiffs' own engineer and was available to them at any time.

39. The defendants admit that counsel for the plaintiffs corresponded with counsel for the Planning Board and state that said correspondence speaks for itself.

40. Denied. The plaintiffs have been advised that the referenced plan was located in the Planning Board's office. Further answering, the defendants state that the plan the plaintiffs claimed to await was produced by the plaintiffs' own engineer and was available to them at any time.

41. The allegations contained in the first sentence of this paragraph are admitted. Admitted that Moriarty and members of the Planning Board attended the public hearing.

42. The defendants admit that the plaintiffs requested that the Zoning Board of Appeals reverse the Building Inspector's cease and desist order, but state that they have no further specific recollection of the grounds for the plaintiffs' request in this regard.

43. The defendants are without knowledge or information to form a belief as to the truth of the assertions set forth in this paragraph.

44. Admitted.

45. Admitted.

46. The defendants admit that the Zoning Board of Appeals issued a decision denying plaintiffs' appeal from the Building Inspector's order and state that said decision speaks for itself. The remaining allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response.

## COUNT I

47. Denied

48. The allegations set forth in this paragraph comprise contentions as to matters of law not requiring a response. To the extent a response is required, said allegations are denied.

## COUNT II

49. Denied.

50. Denied.

## COUNT III

51. Denied

## COUNT IV

52. Denied.

## **DEFENSES**

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint fails for lack of subject matter jurisdiction.

### THIRD DEFENSE

The Complaint is barred because plaintiffs failed to exhaust their administrative remedies.

### FOURTH DEFENSE

The Complaint is barred by the doctrine of equitable estoppel.

### FIFTH DEFENSE

The Complaint is barred by the doctrine of laches.

### SIXTH DEFENSE

The Complaint fails to state a claim for which relief can be granted in that plaintiffs have failed to plead any actual damages.

### SEVENTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## EIGHTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which they were aware, and they are therefore entitled to qualified immunity.

## NINTH DEFENSE

The Complaint is barred as the defendants were at all relevant times carrying out executive and administrative functions in good faith, and in the reasonable belief that their actions were lawful.

## TENTH DEFENSE

The municipal defendant denies all of plaintiff's allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

## ELEVENTH DEFENSE

The action filed by the plaintiffs is frivolous, wholly unsubstantial and not advanced in good faith, entitling the defendants to recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

DEFENDANTS

By their attorneys,

Jonathan M. Silverstein (BBO# 630431)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 3/22/04

8