UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12635-MLW

JOHN SANCES and KENNETH SANCES,           )
Individually and in their capacity        )
as TRUSTEES OF THE 305 UNION STREET       )
REALTY TRUST,                             )
     Plaintiffs,                          )
                                          )
v.                                        )
                                          )
TOWN OF HOLBROOK, GEORGE JAMESON,         )
JOHN CALLAHAN, JOHN PAPP, CLIFF           )
JACOB and JACK CULHANE, individually)
and as members of the Holbrook            )
Planning Board, and DANIEL MORIARTY,)
individually and as Building              )
Inspector for the Town of Holbrook,       )
     Defendants.                          )

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO TOWN OF
HOLBROOK'S MOTION FOR JUDGMENT ON THE PLEADINGS

I.    INTRODUCTION

The Plaintiffs, John Sances and Kenneth Sances, submit this opposition to the Defendants' Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P.12(c). For the reasons stated herein, Plaintiffs respectfully request that this Court deny the Defendants' motion.

II.   STATEMENT OF FACTS

Plaintiffs adopt and incorporate the statement of facts as set forth in the Complaint.

1

III. ARGUMENT

A.  Plaintiffs' Complaint Should Not Be Dismissed.

Judgment on the Pleadings Standard.

When a court is ruling on a motion for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c), the court "must accept all of the material facts as alleged in the complaint as true and view them in the light most favorable to the plaintiff." See LaManque v. Department of Employment and Training, 3F.Supp.2d 83,89 (D.Mass. 1998). Also, the court must evaluate the motion by "test[ing] the legal sufficiency of the complaint, not the plaintiff's likelihood of ultimate success." See Furtick v. Medford Housing Authority, 963 F.Supp. 64,67 (D.Mass. 1997).

The Plaintiffs have pleaded facts in their complaint, which support their claim that they are entitled to relief. A court may not grant a dismissal on the pleadings "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." See See LaManque v. Department of Employment and Training, 3F.Supp.2d 83,89 (D.Mass. 1998), citing Santiago de Castro, 943 F2d. at 130.

Plaintiffs' complaint should not be dismissed for failure to state a claim.

B. The Entire Complaint Is Not Barred Pursuant To The Doctrine of Res Judicata

The Defendants' position that the complaint is barred by the doctrine of res judicata is without merit. To prevail on this affirmative defense, the Defendants must prove "either from the record of a former action or from extrinsic evidence the subject matter [was] decided in an earlier judgment." See Daggett v. Daggett, 143 Mass. 516, 521, 10N.E. 311. Cote v. New England Navigation Co., 213 Mass. 177, 182, 99 N.E. 972. Boston & Maine R.R. v. T. Stuart & Son Co., 236 Mass. 98, 102, 127 N.E.532. See Fabrizio v. U.S. Suzuk Motor Corp., 362 Mass 873(1972).

The Defendants have failed to meet this standard, therefore, the complaint should not be barred pursuant to the doctrine of res judicata.

C. Count I Should Not Be Dismissed Because the Plaintiffs Did Not Fail to Exhaust the Administrative Remedies.

According to the statute, conditions which are listed within the special permit must be appealed within 20 days after the decision was filed with the Town Clerk. See Bonfatti v. Zoning Board of Appeals, 48 Mass.App.Ct. 46,50 (1999). However, as alleged in the complaint, no reference was made in the decision to the dimensional specifications associated with the Trust's compliance with any

architectural detail requirements of the Town.  Also, no justification was provided in the decision for the limitation on the Trust's ability to construct and use a second floor, for otherwise allowable commercial uses, in the zone, until the Trustees applied for the temporary occupancy permit.  This is when the Plaintiffs became aware that the conditions had been changed.

Therefore, the Plaintiffs could not have appealed the decision within the required 20-day period because they were not made aware of the change in the conditions until well after the 20 day period for appeal had expired.

    D.   Count IV, Alleging Due Process Violations, Should Not Be Dismissed for Failure to State A Claim.

Plaintiffs allege due process violations in their complaint.  The Plaintiffs were denied process to which they were entitled to, as well as, denied their constitutional rights.

    1.   Procedural Due Process Claim

The Plaintiffs respectfully incorporates by reference and adopts the arguments set forth in Section III-D(1) of the Plaintiffs' Opposition to Individual Defendants' Motion for Judgment on the Pleadings.  For the reasons set forth in Section III-D(1), of the Plaintiffs' Opposition to Individual Defendants' Motion for Judgment on the

Pleadings, Plaintiffs' procedural due process rights were violated because the Plaintiffs were denied the process that they were entitled to, as well as the post-deprivation remedies available.

### 2. Substantive Due Process Claim

The Plaintiffs respectfully incorporates by reference and adopts the arguments set forth in Section III-D(2) of the Plaintiffs' Opposition to Individual Defendants' Motion for Judgment on the Pleadings. For the reasons set forth in Section III-D(2), of the Plaintiffs' Opposition to Individual Defendants' Motion for Judgment on the Pleadings, Plaintiffs' substantive due process rights were violated because the Plaintiffs were deprived of a fundamental constitutional right.

### 3. Plaintiffs Have Alleged A Cognizable Municipal Liability Claim.

Plaintiffs have established the deliberate indifference of the Board members who issued a special permit to the Plaintiffs and then changed the conditions required in the permit after it was issued. This represents an unconstitutional pattern or practice by the Town's policymaking body.

Municipal liability may be imposed under 42 U.S.C.A §1983 for a single decision by municipal policymakers under

appropriate circumstances.  <u>Pembaur v. City of Cincinnati</u>, 475 U.S. 469, 480, 106 S.Ct. 1292 (1986).

Therefore, Count IV alleging due process violations should not be dismissed.

    E.   <u>Count III, Alleging Violation of the MCRA Against the Town, Should Be Dismissed Because the Town is Immune from Claims Under the MCRA.</u>

The Plaintiffs acknowledge that there is no direct liability on the Town for a claim of violation of the MCRA against the Town.  The Plaintiffs will prepare and file, with Defendants' assent, a Stipulation of Dismissal relating to this count.

    F.   <u>Count II, Alleging An Intentional Tort Against the Town, Should Be Dismissed Because the Town is Immune from Intentional Tort Claims.</u>

The Plaintiffs acknowledge that there is no direct liability on the Town for a claim of intentional tort against the Town.  The Plaintiffs will prepare and file, with Defendants' assent, a Stipulation of Dismissal relating to this count.

    G.   <u>All Claims Against the Individual Municipal Defendants In Their Official Capacities Should Not Be Dismissed.</u>

The Plaintiffs respectfully adopt and incorporate the arguments set forth in the Plaintiffs' Opposition to the Individual Defendants Motion, Section III-G(a).

## IV.  CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Court deny the Town of Holbrook's Motion for Judgment on the Pleadings.

                                        UNION STREET REALTY TRUST
                                        By its attorneys,

                                        Gary S. Brackett
                                        BBO# 052940
                                        Ellen Callahan Doucette
                                        BBO# 542294
                                        BRACKETT & LUCAS
                                        19 Cedar Street
                                        Worcester, MA 01609
                                        508-799-9739

CERTIFICATE OF SERVICE

I, Gary S. Brackett, hereby certify on this 3rd day of May, 2004, that I have served a true and accurate copy of the within Plaintiffs' Opposition to Town of Holbrook's Motion for Judgment on the Pleadings and Plaintiffs' Opposition to the Individual Defendants' Motion for Judgment on the Pleadings upon the Defendant's attorneys by mail via first class, postage prepaid, addressed to:

Jonathan M. Silverstein, Esquire
Jackie Cowin, Esquire
Kopelman and Paige, P.C.,
31 St. James Avenue
Boston, MA 02116

_____
Gary S. Brackett, Esquire