UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12635-MLW

JOHN SANCES and KENNETH SANCES,        )
Individually and in their capacity     )
as TRUSTEES OF THE 305 UNION STREET    )
REALTY TRUST,                          )
    Plaintiffs,                        )
                                       )
v.                                     )
                                       )
TOWN OF HOLBROOK, GEORGE JAMESON,      )
JOHN CALLAHAN, JOHN PAPP, CLIFF        )
JACOB and JACK CULHANE, individually)
and as members of the Holbrook         )
Planning Board, and DANIEL MORIARTY,   )
individually and as Building           )
Inspector for the Town of Holbrook,    )
    Defendants.                        )

MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
INDIVIDUAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

I.   INTRODUCTION

The Plaintiffs, John Sances and Kenneth Sances, submit this opposition to the Defendants' Motion for Judgment on the Pleadings pursuant to Fed.R.Civ.P.12(c). For the reasons stated herein, Plaintiffs respectfully request that this Court deny the Defendants' motion.

II.   STATEMENT OF FACTS

Plaintiffs adopt and incorporate the statement of facts as set forth in the Complaint.

1

III. ARGUMENT

A. Plaintiffs' Complaint Should Not Be Dismissed.

Judgment on the Pleadings Standard.

When a court is ruling on a motion for judgment on the pleadings, pursuant to Federal Rules of Civil Procedure 12(c), the court "must accept all of the material facts as alleged in the complaint as true and view them in the light most favorable to the plaintiff." See LaManque v. Department of Employment and Training, 3F.Supp.2d 83,89 (D.Mass. 1998). Also, the court must evaluate the motion by "test[ing] the legal sufficiency of the complaint, not the plaintiff's likelihood of ultimate success." See Furtick v. Medford Housing Authority, 963 F.Supp. 64,67 (D.Mass. 1997).

The Plaintiffs have pleaded facts in their complaint, which support their claim that they are entitled to relief. A court may not grant a dismissal on the pleadings "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of h[er] claim which would entitle h[er] to relief." See LaManque v. Department of Employment and Training, 3F.Supp.2d 83,89 (D.Mass. 1998), citing Santiago de Castro, 943 F2d. at 130.

Plaintiffs' complaint should not be dismissed for failure to state a claim.

B. <u>All Claims Against the Individual Defendants Are Not Barred Pursuant to the Doctrine Against Claim Preclusion.</u>

The Plaintiffs respectfully incorporate by reference and adopt the arguments set forth in Section III-B of the Plaintiffs' Opposition to Town of Holbrook's Motion for Judgment on the Pleadings (Plaintiffs' Opposition to Town's Motion), filed contemporaneously with this instant action. For the reasons set forth in Section III-B of the Plaintiffs' Opposition to Town's Motion, all claims against the Individual Defendants should be allowed to stand because the Plaintiffs have not engaged in claim splitting and are not litigating the same issues in two separate actions.

Therefore, the entire Complaint is not barred.

C. <u>Count I Should Not Be Dismissed Because the Plaintiffs Did Not Fail to Exhaust Administrative Remedies.</u>

The Plaintiffs respectfully incorporate by reference and adopt the arguments set forth in Section III-C of the Plaintiffs' Opposition to Town's Motion. For the reasons set forth in Section III-C of the Plaintiffs' Opposition to Town's Motion, Count I should not be dismissed because the

Plaintiffs did not fail to exhaust administrative remedies due to the fact that the Individual Defendants, in their capacity as Board members, changed the conditions in the special permit after it was issued to the Plaintiffs. No further written decision was issued by the Individual Defendants after said change and, therefore, there was no opportunity to appeal the decision to the Superior Court pursuant to G.L. c.40A §17.

Therefore, Count I should not be dismissed.

D. <u>Count IV, Alleging Due Process Violations, Does Not Fail to State a Claim.</u>

Count IV should not be dismissed because the Individual Defendant's violated the Plaintiffs' due process rights.

The Complaint sets forth facts that show that the Individual Defendants violated the due process rights of the Plaintiffs when the individual Board members deprived the Plaintiffs of their property interest in their business without satisfactory due process.

1. <u>Procedural Due Process Claim</u>

The Town, acting by and through the Planning Board ("Board"), engaged in an unconstitutional custom or policy by changing the conditions in the special permit after it was issued, which deprived the Plaintiffs of a dimension of their property interest in their business. These actions

would impose liability on the Town.  The Court in <u>Welch v. Paicos</u>, held that "To establish a procedural due process claim under §1983, the plaintiff must allege that the defendants, (1) acting under color of state law, (2) deprived plaintiff of (3) property interest, as defined by state law, (4) without satisfactory process."  66 F.Supp.2d 138 (D.Mass.1999).

"Procedural due process requires that procedures provided by state in effecting deprivation of liberty or property interest are adequate in light of affected interest."  See <u>Pittsley v. Warish</u> 927 F.2d 3, 32 C.A.1 (Mass.),1991.

The Defendants were acting under color of state law in their capacity as Board members.  The Board members deprived the Plaintiffs of their property interest in their business without satisfactory due process. Furthermore, the Plaintiffs were also deprived of the post-deprivation remedies that would have been available to them if the Individual Board members had issued the original permit with the second set of conditions.  When the conditions on the permit were changed, it was too late for the Plaintiffs to apply the post-deprivation remedies and appeal the conditions.

Therefore, the Plaintiffs' were deprived of their procedural due process rights.

2. <u>Substantive Due Process Claim</u>

The Plaintiffs were deprived of their fundamental constitutional right to own and operate their property without the illegal interference of the Individual Defendants' in their capacity as Board members and Moriarty in his capacity as the Building Inspector.

The Substantive Due Process Clause protects those interests "so rooted in the traditions and conscience of our people as to be ranked as fundamental." <u>Coyne v. City of Somerville</u>, 770 F.Supp. 740 (D.Mass.,1991); quoting <u>Michael H. v. Gerald D.</u>, 491 U.S. 110, 109 S.Ct. 2333, 2341 (1989).

Part of the responsibilities of the Board members include enforcing and regulating what happens within the Town of Holbrook. The Board members should not be allowed to make arbitrary decisions that affect an individual's fundamental rights. The Board members should be held to the same standard as any other policy making body in the protection of fundamental rights.

Therefore, Count IV should not be dismissed for failure to state a claim.

E. <u>Count III, Alleging MCRA Violations, Does Not Fail to State A Claim.</u>

Plaintiffs have alleged facts that would satisfy the requisite requirements of an MCRA claim. To establish a claim under the MCRA, the plaintiff must show that his exercise of state or federal rights has been interfered with by threats, intimidation or coercion. See <u>Kelly v. LaForce</u>, 288 F.3d 1(1st Cir. 2002).

The Plaintiffs have established that, based upon the threats of the Individual Defendants as members of the Board, the Plaintiffs' right to own and operate their business has been interfered with, resulting in a constitutional violation. The MCRA provides a cause of action for any person whose rights under the United States and Massachusetts Constitutions, federal law or state law has been interfered with by threats, intimidation, or coercion. See Mass.Gen.Laws c.12 §§ 11H, 11I.

The Supreme Judicial Court of Massachusetts has interpreted the MCRA to be "coextensive with §1983, except for two disparities: (1) the MCRA does not require any state action (i.e. there is no "under color of state law" requirement), and (2) a claim under the MCRA requires a violation by threats, intimidation, or coercion." See <u>Duca</u>

v. Martins, 941 F.Supp. 1281, 1294 (D.Mass. 1996); Duarte v. Healy, 405 Mass. 43, 537 N.E.2d 123, 1232 (Mass. 1989).

The facts as alleged show that, in December of 2002, the Individual Defendants participated in the issuance of a cease and desist order to stop all construction on the project and an order for the Plaintiffs to cease occupancy at the Premises. The Plaintiffs occupied the premises for their business, which is their primary source of income for themselves and their families. These threats were being conveyed at the same time the special counsel to the Board was communicating with Plaintiffs' counsel regarding the status of eight of the conditions in the special permit.

Plaintiffs have clearly stated a claim in their complaint pursuant to the MCRA and the count should not be dismissed.

F. <u>The Individual Defendants Are Not Entitled to Qualified Immunity From Plaintiffs' Constitutional Claims.</u>

The Complaint stated that the Defendants violated the clearly established rights of the Plaintiffs'. The Plaintiffs' due process rights were violated and the Defendants should reasonably have known that that their conduct violated the constitutional rights of the Plaintiffs.

A court must examine two criteria when reviewing a qualified immunity claim: (1) whether at the time of the alleged conduct there was a "clearly established" constitutional right that was violated; and (2) whether a reasonable person in the defendants' position would have know that his conduct violated that constitutional right. See Frazier v. Bailey, 957 F.2d 920, 929 (1st Cir. 1992); Landry v. Mier, 921 F.Supp. 880, 884 (D.Mass. 1996).

The Supreme Court has held that to find a "clearly established" constitutional right "[t]he contours of the right must be sufficiently clear [such] that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635,638 107 S.Ct. 3034,3038 (1987).

The Defendants are not entitled to qualified immunity because reasonable persons in their position would have known that their actions in issuing the special permit with one set of conditions and then arbitrarily changing those conditions would violate the Plaintiffs' statutory or constitutionally protected rights to own and operate their business. In addition, since public notice and an opportunity for a hearing are clearly delineated rights under G.L. 40A §11 for a hearing to issue a special permit, it is evident that before a special permit can be modified

or revoked, similar notice to the holder of the special permit as well as to abutters of the property would be required.

Therefore, the Defendants are not entitled to claim that they are shielded from liability based upon qualified immunity.

G. Count II, Alleging An Intentional Tort, Should Not Be Dismissed Because (a) the Individual Defendants are Not Entitled To Qualified Immunity from this Claim; and (b) The Plaintiffs Established the Requisite Elements of Their Claim.

   a. The Individual Defendants are Not Entitled to Qualified Immunity From This Claim.

Courts have held that there are instances where a public official is not protected by qualified immunity from a claim. "A public official may not be protected by qualified immunity from a claim of tortious interference only when the alleged interference was committed through "improper means", because only then would liability rest on the conduct alone and not on the public official's state of mind." See EIC Development, L.L.C. Essex Capital Partners, Inc. v. Mystic Valley Development Com'n, 2003 WL 1702531 at 15.

Plaintiffs have stated in their complaint that the Board members, collectively and individually, tortiously interfered with the Plaintiffs' rights to own and operate

their business, by changing the conditions listed in the special permit and, in doing so, denying the issuance of the occupancy permit to the Plaintiffs.

    b.   <u>Count II Should Not Be Dismissed Because the Plaintiffs Did Establish the Requisite Elements of Their Claim.</u>

Under Massachusetts law, a "claim for interference with advantageous relations depends upon the presence of four criteria: (1) business relationship or contemplated contract of economic benefit; (2) defendant's knowledge of such relationship; (3) defendant's intentional and malicious interference with it; and (4) plaintiff's loss of advantage directly resulting from defendant's conduct." See <u>James I. Miniter Ins. Agency, Inc. v. Ohio Indem. Co.</u>, 112 F.3d Cir. 1240 (1997).

The Plaintiffs clearly meet all the elements of this claim because the use of the property for which the special permit was issued was a business, the individual Defendants knew of this business relationship because of their positions on the Board, they intentionally and maliciously interfered with this relationship by arbitrarily changing the conditions on the special permit which caused the Plaintiffs to lose the advantage of operating their business.

11

Furthermore, the Plaintiffs did not have the opportunity to appeal the conditions listed in the special permit because those conditions were changed by the individual Board members after the permit was issued to the Plaintiffs. The "malice" requirement of the tort can be established by the fact that, almost simultaneously, the Board members were requesting their counsel to inquire about the status of the remaining eight conditions while, without any notice to their counsel, the Board members were taking steps to require the issuance of the cease and desist order and to stop the Plaintiffs from operating their business. The Defendant, Moriarty, even went so far as to order the Plaintiffs to cease occupancy at the Premises, even though it does not appear from the Planning Board minutes, that said action was part of the motion. The Individual Defendants' actions clearly evidence an intention to harm Plaintiffs in their business operations.

This count should be allowed to stand because the Plaintiffs have established the requisite elements of their claim and the Defendants interference was in clear violation of the law.

## IV. CONCLUSION

WHEREFORE, the Plaintiffs respectfully request that this Court deny the Defendants Motion for Judgment on the Pleadings.

```
                                    UNION STREET REALTY TRUST
                                    By its attorneys,


                                    Gary S. Brackett
                                    BBO# 052940
                                    Ellen Callahan Doucette
                                    BBO# 542294
                                    BRACKETT & LUCAS
                                    19 Cedar Street
                                    Worcester, MA 01609
                                    508-799-9739
```