UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


JOHN SANCES and KENNETH SANCES,
Individually and in Their Capacity as
Trustees of the 305 Union
Street Realty Trust,
        Plaintiffs,


        v.                                      CIVIL ACTION NO.
                                                03-12635-MLW


TOWN OF HOLBROOK, GEORGE JAMESON,
JOHN CALLAHAN, JOHN PAPP,
CLIFF JACOB and JACK CULHANE,
Individually and as Members of the
Holbrook Planning Board, and
DANIEL MORIARTY, Individually and
as a Building Inspector for the Town
of Holbrook,
        Defendants.



**REPORT AND RECOMMENDATION RE:
MOTION FOR JUDGMENT ON THE PLEADINGS
BY INDIVIDUAL DEFENDANTS
(DOCKET ENTRY # 10); MOTION
FOR JUDGMENT ON THE PLEADINGS
BY THE TOWN OF HOLBROOK
(DOCKET ENTRY # 6)**

**February 25, 2005**


**BOWLER, U.S.M.J.**

        Pending before this court are two motions for judgment
on the pleadings.  Defendant Town of Holbrook (the "Town")
filed one motion (Docket Entry # 6) while individual
defendants George Jameson, John Papp, John Callahan, Cliff
Jacob, Jack Culhane and Daniel Moriarity (the "individual
defendants") filed the other motion (Docket Entry # 10).
The Town and the individual defendants (collectively:

"defendants") move for judgment on the pleadings against plaintiffs John Sances and Kenneth Sances, individually and in their capacity as Trustees of the 305 Union Street Realty Trust (collectively: "plaintiffs").

## BACKGROUND[1]

The present dispute arises from an order issued by Daniel Moriarity ("Moriarity"), the Building Inspector of the Town, that ordered plaintiffs to cease and desist work on a building project.  Moriarity issued the cease and desist order upon request of the Town's Planning Board (the "Board").[2]

On July 18, 1998, plaintiffs applied for and secured a special permit[3] from the Board for the construction of a building (the "Project") to house an auto repair business at 305 Union Street in Holbrook, Massachusetts (the "Property").  The special permit required that the construction and use of the Property be in accord with plaintiffs' application and accompanying plans.

On July 30, 1999, plaintiffs secured a building permit

---

[1]  Facts are drawn from the pleadings and, as discussed infra, construed in favor of the non-moving parties, plaintiffs.

[2]  The Planning Board is a regulatory board of the Town.  The members include all individual defendants except Moriarity.

[3]  A special permit is analogous to a variance.  Under Massachusetts law, a town's zoning ordinance allows particular developments to be constructed in a given zoning district only upon issuance of a special permit.  Mass. Gen. L. ch. 40A, § 9.

from Moriarity to begin construction on the Project. Shortly thereafter, Moriarity advised plaintiffs that the special permit issued by the Board was only valid until July 16, 1999.  With the project not yet complete, on November 10, 1999, Moriarity issued a cease and desist order to stop construction.

Plaintiffs then filed an application for a second special permit on November 15, 1999.  During this time, there was a pending proposal in the Town to amend its zoning bylaws with regard to height requirements and the Board's use of discretion in the architectural details of building projects.  The proposed height limitation was 30 feet and the Project was being constructed at 33 feet.  If the proposal passed, it would render the Project illegal.  Upon advisement by the Board, plaintiffs removed the application and awaited the result.  The proposed change in the height requirement was not accepted, however the Board was granted the authority to evaluate and recommend architectural detail as part of the permitting process.

On May 11, 2000, plaintiffs resubmitted the application for a special permit in the same form with the same plans as the earlier withdrawn application.  The Board approved this application and issued a special permit with 23 conditions including:  a maximum of one floor; conformance with plans submitted to the Board by plaintiffs on the application; completion of the Project by September 1, 2002; and submission of a landscaping plan for the Property within one

year of the issuance of a certificate of occupancy.  No
reference was made in the Board's decision to the
dimensional requirements associated with plaintiffs'
compliance with any architectural detail requirement.
Plaintiffs did not appeal the conditions imposed in the
special permit pursuant to section 17 of chapter 40A of the
Massachusetts General Laws ("section 17").[4]

     When it came time for plaintiffs to receive an
occupancy permit, Moriarity advised them that he would only
give a temporary occupancy permit until the architectural
detail work on the front of the Project was completed.
Moriarity had, however, previously advised plaintiffs that
he did not issue temporary occupancy permits.  On August 2,
2001, Moriarity issued plaintiffs a temporary occupancy
permit for the Property.  The temporary occupancy permit was
set to expire on September 1, 2002, the same day as the
special permit.

     On December 3, 2002, more than three months after the
special permit was set to expire, counsel for the Board

---

     [4]  Any person aggrieved by a decision of the board of
appeals or any special permit granting authority . . .
may appeal to the land court department, the superior
court department in which the land concerned is
situated . . . by bringing an action within twenty days
after the decision has been filed in the office of the
city or town clerk.  If said appeal is made to said
division of the district court department, any party
shall have the right to file a claim for trial of said
appeal in the superior court department within twenty-
five days after service on the appeal is completed . .
..
Mass. Gen. L. ch. 40A, § 17.

4

wrote to plaintiffs' counsel inquiring about the status of eight of the 23 conditions in the special permit. The Board requested an update and a proposed timetable for the completion of the remaining unsatisfied conditions. Three days after plaintiffs received this letter and without notice to plaintiffs, the Board voted to request that Moriarity issue a cease and desist order to stop construction on the Project on the grounds of noncompliance with the special permit conditions.[5] The motion by the Board passed and on December 10, 2002, the Board requested Moriarity issue the cease and desist order to plaintiffs. Before receiving the cease and desist order, on December 13, 2002, plaintiffs wrote the Board advising that a status report regarding the eight uncompleted conditions was forthcoming. On December 18, 2002, Moriarity issued the cease and desist order.

On January 16, 2003, plaintiffs filed an administrative appeal with the Town's zoning board. See Mass. Gen. L. ch. 40A, § 8. On March 4, 2003, the zoning board of appeals affirmed the December 18, 2002 cease and desist order. Plaintiffs have since appealed that decision to the Massachusetts Superior Court Department and that appeal remains pending.[6]

_____

[5] The architectural detail on the facade of the Project was not finished and the special permit had expired.

[6] Union Street Realty Trust, et. al. v. Holbrook Zoning Board of Appeals and Daniel Moriarity, Norfolk Superior Court Department, C.A. No. 03-00581 (the "Superior Court action").

JUDGMENT ON THE PLEADINGS STANDARD

Rule 12(c), Fed. R. Civ. P. ("Rule 12(c)"), allows a party to move for judgment on the pleadings after filing an answer.  It is well settled that judgment under Rule 12(c) is permitted only when it is based on the pleadings. Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998).  "Pleadings" includes the complaint, the answer and "any written instruments attached as exhibits."  Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend, 163 F.3d at 452.

In reviewing the pleadings, this court must accept "all of the non-moving party's well-pleaded factual averments as true and draw all reasonable inferences in [their] favor." Feliciano v. State of Rhode Island, 160 F.3d 780, 788 (1st Cir. 1998).  Judgment on the pleadings is not permissible "unless it appears beyond a doubt that the nonmoving party can prove no set of facts in support of [their] claim which would entitle [them] to relief."  Feliciano v. State of Rhode Island, 160 F.3d at 788; accord Santiago v. Morales Medina, 943 F.2d 129, 130 (1st Cir. 1991).  "Thus, under Rule 12(c), courts need not credit conclusory statements or merely subjective characterizations, but rather plaintiffs must set forth in their complaint specific, nonconclusory factual allegations regarding each material element necessary to sustain recovery."  Class v. Commonwealth of Puerto Rico, 309 F.Supp.2d 235, 236 (D.P.R. 2004).

DISCUSSION

In moving for judgment on the pleadings, the individual defendants and the Town each request that all claims against them be dismissed on the grounds that the complaint fails to state a claim upon which relief may be granted. Applying the Rule 12(c) standard as set forth above, this court turns to the merits of defendants' arguments and the viability of plaintiffs' claims.

I.  Claim Preclusion

Defendants initially submit that plaintiffs' entire complaint should be barred pursuant to the doctrine of res judicata, more specifically, claim preclusion. Defendants point to the pending case filed by plaintiffs before the Massachusetts Superior Court Department[7] which they contend is based on the same factual allegations and legal theory set forth in the complaint. Defendants argue that claim preclusion bars plaintiffs from initiating a second lawsuit arising out the same factual claims that could have been adjudicated in the previous action. Their argument is lacking in one determinative respect.

Claim preclusion provides that "a *final judgment* on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980) (citations omitted and emphasis added). There has been no final judgment in the Superior Court action. As explained

_____

[7]  See footnote six.

by the court in <u>Krull v. Jones</u>, 46 F.Supp.2d 997 (D.S.D. 1999), "[C]laim preclusion could not have been raised because, since the Commissioner's decision was the subject of a *pending state court appeal*, there was no final decision to which preclusive effect could apply." <u>Krull v. Jones</u>, 46 F.Supp.2d at 1002 (emphasis added). As is the case here, the Town's zoning board of appeals decision to uphold the cease and desist order is currently pending in state court. Therefore, there is "no final decision to which preclusive effect could apply." <u>Krull v. Jones</u>, 46 F.Supp.2d at 1002.

II.  <u>Federal Civil Rights Violation (Count Four)</u>

Count Four contains the federal claims. Plaintiffs originally filed this case in the Massachusetts Superior Court Department (Norfolk County). Defendants removed the case to federal court on the basis of federal question jurisdiction. 28 U.S.C. §§ 1331 and 1441.

In Count Four, plaintiffs allege that defendants deprived them of their "due process rights." (Docket # 1, ¶ 52). To avoid a dismissal on the pleadings, plaintiffs must therefore set forth facts that would give rise to a violation of their substantive or due process rights.

Defendants argue that Count Four fails to state a claim with respect to either substantive or procedural due process violations. This court agrees. Plaintiffs fail to describe any conduct on the part of defendants that would support a factual finding of a violation of plaintiffs' constitutional rights. Dismissal of the federal claims is therefore

proper.

A.  Substantive Due Process Claim

Plaintiffs argue that they were deprived of their right to own and operate their property without the illegal interference of defendants and therefore their substantive due process rights were violated.  Assuming, only for purposes of this opinion, that plaintiffs allege a "fundamental" constitutional right, their argument nevertheless lacks merit.  Michael H. v. Gerald D., 491 U.S. 110, 123 (1989) (holding that substantive due process protects interests "'so rooted in the traditions and conscience of our people as to be ranked as fundamental'").

Plaintiffs' substantive due process claim must be supported by facts in their complaint that suggest defendants' conduct was "*in and of itself* . . . egregiously unacceptable, outrageous, or conscience-shocking" to survive defendants' present motions.  Licari v. Feruzzi, 22 F.3d 344, 347 (1st Cir. 1994) (quoting Amsden v. Moran, 904 F.2d 748, 754 (1st Cir. 1990), with emphasis in original).  The First Circuit in Licari has further described the standard to prevail on a substantive due process claim as actions by defendants that are "shocking or violative of universal standards of decency."  Licari v. Ferruzzi, 22 F.3d at 350.

Plaintiffs fail to make factual allegations that reach the "outrageous" or "conscience-shocking" level as required by the First Circuit.  Licari v. Ferruzzi, 22 F.3d at 350 (finding the revocation of building permits, the

unauthorized issuance of enforcement orders, and the delays
in processing and approving the plaintiff's application for
an amended permit not "sufficiently 'conscious-shocking'")
(citations omitted).  Plaintiffs wish this court to infer
from their factual allegations that defendants abused their
authority by improperly imposing certain requirements on the
special permit and revoking the permit when they did not
timely comply with said requirements.  Even if such an
inference was reasonable to make, however, it would not set
forth a viable substantive due process claim.  See Creative
Environments, Inc. v. Estabrook, 680 F.2d 822, 833 (1st Cir.
1982) (to maintain substantive due process violation, it is
not sufficient merely to allege the defendants abused their
legal authority, or even that they committed outright
violations of state law).  As explained by the First Circuit
in Creative Environments:

> [S]uch a claim is too typical of the run of the mill
> dispute between a developer and a town planning agency.
> . . to rise to the level of a due process violation . .
> . *Every* appeal . . . from an adverse ruling by a . . .
> planning board necessarily involves some claim that the
> board exceeded, abused, or "distorted" its legal
> authority . . . It is not enough simply to give these
> state law claims constitutional labels . . . in order
> to raise a substantial federal question under section
> 1983.

Creative Environments, Inc. v. Estabrook, 680 F.2d 822 at
833 (emphasis in original).

This is not to say that all claims of substantive due
process violations against town planning boards will fail.
Had plaintiffs alleged facts that defendants' actions were
of a "truly horrendous" nature, the opportunity for further

federal review may have existed.  See <u>Nestor Colon Medina &
Successors, Inc. v. Custodio</u>, 964 F.2d 32, 45 (1ˢᵗ Cir.
1992) ("We have left the door slightly ajar for federal
relief [based on substantive due process] in truly
horrendous situations").  For example, if defendants'
actions were based on their hostility and animus towards
plaintiffs' political affiliations, beliefs, stances or
immutable characteristics, this court could not so easily
dismiss this claim.  <u>Licari v. Feruzzi</u> 22 F.3d at 349.
Based on plaintiffs' own assessment of the facts, however,
nowhere do they mention, nor can this court infer, that a
"truly horrendous" situation existed.

        Failure to allege such facts results in a failure to
state a substantive due process claim.  For the foregoing
reason, the substantive due process claim should be
dismissed.

B.  <u>Procedural Due Process Claim</u>

        Plaintiffs argue that defendants violated their
procedural due process rights when defendants changed the
special permit conditions after it was issued.  It was this
action, plaintiffs argue, that deprived them of a property
interest in their business without satisfactory process.
The argument lacks merit as it is unsupported by the
necessary factual allegations.

        To survive judgment on the pleadings on a procedural
due process claim, plaintiffs must set forth facts *in their
complaint* showing that:  (1) defendants acted under color of

state law; and (2) deprived them of a property interest defined by state law; (3) without adequate process. Licari v. Ferruzzi, 22 F.3d at 347; PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991). Assuming, arguendo, that plaintiffs were deprived of a cognizable property interest, their complaint nevertheless fails to allege facts showing that Massachusetts law failed to provide adequate process. This omission in the pleadings alone is enough to dismiss the procedural due process claim.

"The First Circuit has observed that a properly-pleaded procedural due process claim must allege not only that plaintiff 'was deprived of constitutionally protected property because of defendant's actions, [but also] that the deprivation occurred without due process of law.'" Aubuchon v. Commonwealth of Massachusetts, State Building Code Appeals Board, 933 F.Supp. 90, 93 (D.Mass. 1996) (quoting Roy v. City of Augusta, Maine, 712 F.2d 1517, 1522 (1st Cir. 1983)). In showing the state's failure to provide procedural due process, the claimant must allege the unavailability of constitutionally adequate remedies under state law to redress the injury. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992). The Supreme Court explains the principle as follows:

> The constitutional deprivation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate.

12

Zinerman v. Burch, 494 U.S. 113, 125-126 (1990) (citations
omitted).

     The complaint contains no allegations, nor can this
court make a reasonable inference from it, that
Massachusetts state law provided inadequate remedies to
redress plaintiffs' alleged deprivation of property.  See
Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d
at 999-1000.  Plaintiffs do argue that they were precluded
from exercising the post-deprivation remedy pursuant to
section 17 because the time for appeal had passed once they
became aware of the changed condition.[8]  This allegation
alone is insufficient to create a procedural due process
claim if the state provides other avenues to adequately
redress the injury.  As stated by the court in Raskiewicz v.
Town of New Boston, "[W]here . . . the state offers a
panoply of administrative and judicial remedies, litigants
may not ordinarily obtain federal court review of local
zoning and planning disputes . . .."  Raskiewicz v. Town of
New Boston, 754 F.2d 38, 44 (1st Cir. 1985).

     There is no reason to believe that Massachusetts state
law remedies would not provide constitutionally adequate
post-deprivation relief.  See Rumford Pharmacy, Inc. v. City
of East Providence, 970 F.2d at 999.  In fact, plaintiffs
have made state claims against the individual defendants
under Massachusetts tort law and the Massachusetts Civil
Rights Act in this action which, as discussed infra, is

---

    [8]  See footnote four.

subject to a remand to state court.  As stated by the First
Circuit in <u>Monahan v. Dorchester Counseling Center, Inc.</u>,
961 F.2d 987 (1st Cir. 1992), "[A]bsent any allegations in
the complaint concerning the state [remedial] procedures . .
. we decline to speculate concerning plaintiff's state law
claims[s] for purposes of determining whether there exists
an adequate state law remedy."  <u>Monahan v. Dorchester</u>
<u>Counseling Center</u>, 961 F.2d at 994 n. 7.

Absent factual allegations of the state's failure to
provide adequate remedies, this court finds it proper to
dismiss plaintiffs' procedural due process claim as they
have failed to state a claim.

III.  <u>Remaining State Law Claims</u>

Having recommended the dismissal of the federal claims,
the basis of this court's original federal question
jurisdiction is lacking.  As previously noted, plaintiffs
originally filed this case in state court and defendants
removed it to federal court.

Pursuant to 28 U.S.C. § 1447(c), "If at any time before
final judgment it appears that the district court lacks
subject matter jurisdiction, the case shall be remanded."
<u>See</u> <u>Ochoa Realty Corporation v. Faria</u>, 815 F.2d 812, 815
(1st Cir. 1987).  As explained by the First Circuit in <u>Roche</u>
<u>v. John Hancock Mutual Life Insurance Company</u>, 81 F.3d 249,
256 (1st Cir. 1996), a remand of the supplemental state
claims is discretionary where the district court terminates
the federal foundation claim.  "In a federal-question case,

the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." Ochoa Realty Corporation v. Faria, 815 F.2d at 815 (further noting that, "trial court must take into account concerns of comity, judicial economy, convenience, fairness, and the like"); see also Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40, 44 (D.Mass. 2001).

Inasmuch as the proceedings are in a relatively nascent stage, a remand is appropriate.[9] See, e.g., Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995). Furthermore, "[t]he subject of the powers of a Planning Board . . . is a matter which is particularly within the interest of the courts of the Commonwealth of Massachusetts." Creative Environments v. Estabrook, 491 F.Supp. at 598.

## CONCLUSION

In accordance with the forgoing discussion, this court **RECOMMENDS**[10] that the motions for judgment on the pleadings

---

[9] There is a dispute as to whether a remand order falls under 28 U.S.C. § 636(b)(1)(A) or 28 U.S.C. § 636(b)(1)(B). See First Union Mortgage Company v. Smith, 229 F.3d 992, 995-997 (10th Cir. 2000) (also citing First Circuit case wherein court left issue undecided). Following the lead of the three circuit courts that have addressed the issue and uniformly concluded that a remand order is dispositive, see Vogel v. U.S. Office Products Co., 258 F.3d 509, 517 (6th Cir. 2001); First Union Mortgage Company v. Smith, 229 F.3d at 995-997; In Re U.S. Healthcare, 159 F.3d 142, 146 (3rd Cir. 1998), this court likewise finds that a remand order is dispositive.

[10] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and

(Docket Entry ## 6 & 10) be **ALLOWED** as to the federal claims and that the remaining state law claims be remanded to the state court.

/s/Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

the basis for such objection.  Any party may respond to another party's objections within ten days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).